1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DORIS ANDERSON, et al.,                    No.  1:21-cv-01134-ADA-SAB

12             Plaintiffs,                        ORDER ADOPTING FINDINGS AND
                                                  RECOMMENDATIONS IN FULL
13        v.
                                                  (ECF Nos. 25, 48, 49, 56, 78)
14    COUNTY OF FRESNO, et al.,

15             Defendants.

16    _____

17          On December 1, 2021, Plaintiffs Doris Anderson and James Jenkins ("Plaintiffs") filed a

18    First Amended Complaint ("FAC"), representing Decedent Jah Quavious "Quabo" Anderson

19    ("Decedent").  (ECF No. 20.)  The FAC alleges that Decedent died while an inmate at the Fresno

20    County Jail on June 24, 2020.  (*Id.* at ¶¶ 1, 39.)  On December 22, 2021, Defendants County of

21    Fresno and Fresno County Sheriff-Coroner Margaret Mims ("County Defendants"), filed a motion

22    to strike portions of Plaintiffs' FAC.  (ECF No. 25.)  On February 14, 2022, Defendant HIG Capital

23    LLC ("HIG"), filed a motion to dismiss and motion to strike.  (ECF No. 48.)  On that same date,

24    Defendants California Forensic Medical Group, Genevieve Garcia, and Maria Guerrero ("CFMG

25    Defendants"), filed a motion to dismiss.  (ECF No. 49.)  On March 14, 2022, Defendants Jami

26    Carter, Chris Garcia, Frank Ponce, Moises Franco, Meng Cha, Linda Thao, Ka Her, Anthony

27    Sanchez, Rachel LeBoeuf, David Ventura, Dillon Owens, Jose Alanis, and Jonathan Sanchez

28    ("Officer Defendants") filed a motion to dismiss.  (ECF No. 56.)

                                                   1

On August 24, 2022, this action was reassigned to District Judge Ana de Alba. (ECF No. 65.) On September 12, 2022, pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302, the Court referred County Defendants' motion to strike, (ECF No. 25), Defendant HIG's motions to dismiss and strike, (ECF No. 48), CFMG Defendants' motion to dismiss, (ECF No. 49), and County Officer Defendants' motion to dismiss, (ECF No. 56), to the assigned Magistrate Judge for the preparation of findings and recommendations and/or other appropriate action. (ECF No. 67.)

The Magistrate Judge held hearings on November 2, 2022, and on November 16, 2022. (ECF Nos. 72, 75.) On April 3, 2023, the Magistrate Judge issued findings and recommendations recommending County Defendants' motion to strike references to the Consent Decree be denied; Officer Defendants' motion to dismiss be granted in part and denied in part; CFMG Defendants' motion to dismiss be granted in part and denied in part; Defendant HIG's motion to dismiss be granted; Defendant HIG's motion to strike punitive damages be denied; and that Plaintiffs be granted leave to file a second amended complaint. (ECF No. 78.) The parties had twenty-one (21) days to file written objections to the findings and recommendations. (*Id.* at 131.)

On April 24, 2023, Plaintiffs filed objections and explained that while they "object to those recommendations and the underlying findings, [they] will not file specific objections at this time and will, instead, address the substance of the Court's order when amending their complaint." (ECF No. 79 at 2.) As for the recommendation to dismiss "two claims without granting leave to amend: (1) claims brought under the Eighth Amendment and (2) claims brought by Plaintiffs Doris Anderson and James Jenkins under the Bane Act for their individual injuries, not for injuries suffered by the decedent," Plaintiffs do not object to dismissal of these claims without leave to amend. (*Id.*)

County Defendants were the only other parties to file objections on April 24, 2023. (ECF No. 80.) In their objections, County Defendants dispute the Magistrate Judge's recommendation that this Court deny their motion to strike references of the 2015 Consent Decree that was reached in *Hall v. County of Fresno*, Case No. 1:11-cv-02047-LJO-BAM ("*Hall*" and "Consent Decree") in Plaintiffs' FAC. (*See* ECF Nos. 25, 78 at 11-21.) Defendant County of Fresno is also a

Defendant in *Hall*, meaning it entered the Consent Decree with the *Hall* plaintiff class.[1]  County Defendants aim to strike Plaintiffs' pleadings mentioning the Consent Decree[2] because they assert that the references are immaterial to the instant action and unduly prejudicial to County Defendants. (ECF No. 80 at 5.)  The findings and recommendations concluded that the Consent Decree expired four years after it was entered, on October 30, 2019, pursuant to the plain reading of the provision. (ECF No. 78 at 17.)  County Defendants argue that an extension of the Consent Decree's duration does not necessarily appear on the docket unless the parties require the Court's intervention in the informal resolution process described in the Consent Decree.  (ECF No. 80 at 3-4.)  They also mention that the District Judge in the *Hall* case signed a stipulation and proposed order on September 13, 2022, appointing two experts to replace a retired expert.  (*Id.*)  This arguably indicates that the Consent Decree is still in operation and being enforced, meaning Plaintiffs would fall within its restrictions.  (*Id.*)  If applicable to Plaintiffs, the Consent Decree restricts any mention of it in any other case.  (ECF No. 78 at 11-12.)  Therefore, County Defendants argue that the Consent Decree has not expired, and Plaintiffs are subject to its restrictions, precluding them from mentioning it in the FAC.

The Court finds County Defendants' objections unavailing and adopts the Magistrate Judge's recommendation that the motion to strike be denied.  The clause at issue in the Consent Decree is as follows:

> The duration of this Consent Decree is four years from the date this Consent Decree is entered by the Court unless the [C]ourt earlier determines that Defendant is in substantial compliance with the Remedial Plan or subject to the dispute resolution process in Paragraph 18 that this time period shall be extended as to any provision of this Consent Decree with which parties or the Court's expert(s) reasonably determine that Defendant is not in substantial compliance for so long as substantial non-compliance exists.

(ECF No. 112-1 at ¶ 20 in *Hall*, Case No. 1:11-cv-02047-LJO-BAM.)  Based on a plain reading of

---

[1]  The Consent Decree's plaintiff class is described as: "[A]ll prisoners who are now, or at some time in the future during the terms of this Consent Decree are, incarcerated in the Fresno County Jail."  (ECF No. 112-1 at 8-9 in *Hall*, Case No. 1:11-cv-02047-LJO-BAM.)

[2]  The parties in *Hall* entered the Consent Decree to address alleged deficiencies in the conditions of confinement in the Fresno County Jail.  (ECF No. 112-1 at 7 in *Hall*, Case No. 1:11-cv-02047-LJO-BAM.)  The amended complaint alleged that the County of Fresno fails to provide minimally adequate health care and to reasonably protect prisoners from injury and violence from other prisoners as required by the Eighth and Fourteenth Amendments to the United States Constitution, as well as failing to provide reasonable accommodations to prisoners with disabilities in violation of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act.  (*Id.*)

1    the Consent Decree, the Consent Decree expired on October 30, 2019, four years from when it was

2    initially entered on October 30, 2015. *See Bank of the West v. Superior Ct.*, 2 Cal. 4th 1254, 1264

3    (1992) ("The fundamental goal of contractual interpretation is to give effect to the mutual intention

4    of the parties. If contractual language is clear and explicit, it governs. (citations omitted)"). The

5    expiration date is approximately eight months before Decedent's death, which occurred on June

6    24, 2020. In their reply, County Defendants conceded that the docket in *Hall* does not show that

7    the duration term was ever modified while also arguing that a lack of documentation does not

8    indicate that Defendant County of Fresno is in substantial compliance with the Consent Decree.

9    (ECF No. 47 at 3.) Upon review of the *Hall* docket, no report by any Court-appointed expert

10   indicates whether Defendant County of Fresno is in substantial compliance with the decree. The

11   Court acknowledges that County Defendants' reply was filed on January 25, 2022, prior to the

12   stipulation filed in *Hall* on September 13, 2022.[3] (*See* ECF Nos. 47, 80.) However, the Court

13   adopts the Magistrate Judge's application of the plain reading of the durational term of the Consent

14   Decree, and such newly filed stipulation has no impact on this Court's interpretation of the Consent

15   Decree's terms.

16       Contrary to the findings and recommendations, County Defendants assert that the Consent

17   Decree is immaterial, impertinent, and unduly prejudicial. (*See* ECF No. 80 at 5.) A motion to

18   strike will be granted only if "it is clear that the matter to be stricken could have no possible bearing

19   on the subject matter of the litigation." *Walters v. Fidelity Mortg. of CA*, 730 F. Supp. 2d 1185,

20   1196 (E.D. Cal. 2010). "Immaterial" means that the matter has no bearing on the controversy

21   before the court. *See Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 301 F.R.D.

22   487, 490 (C.D. Cal. 2014). If there is any doubt as to whether the allegations might be an issue in

23   the action, the motion should be denied. *Id.* "Impertinent" includes allegations that are not

24   responsive or relevant to issues involved in the action and that could not be admitted as evidence

25   in the action. *Id.* County Defendants argue that references to the Consent Decree are immaterial

26

---

27   [3] The Court also acknowledges that the District Judge in the *Hall* case signed another stipulation and proposed order appointing Dr. James Vess as a Court expert and approving his compensation on June 26, 2023. (ECF No. 213 in *Hall*, Case No. 1:11-cv-02047-JLT-BAM). Similar to the order on September 13, 2022, the newly filed stipulation has no

28   impact on this Court's interpretation of the Consent Decree's terms.

and impertinent because one may not imply that a new healthcare provider[4] that worked at the Fresno County Jail after the expiration of the Consent Decree would carry out the same alleged deficient policies, practices, or customs carried over to them without change and that such policies were still in effect at the time Decedent was in custody at Fresno County Jail.  (ECF No. 80 at 5.)  County Defendants concede that any new healthcare provider would be aware of the purported deficiencies in medical care previously provided to inmates through enforcement of the Consent Decree.  (*Id.*)

The Court finds that references to the Consent Decree are not immaterial and impertinent to the instant action, and they are not overly prejudicial against County Defendants.  The Consent Decree is public, which one may infer puts Defendants on notice, especially County Defendants as Defendant County of Fresno is also a party to the *Hall* action.  As to immateriality and impertinence, references to the Consent Decree increases the plausibility of Plaintiffs' Eighth Amendment and *Monell* claims.  (*See* ECF No. 20 at ¶¶ 54-63, 83-90.)  The Consent Decree supports that Defendants had actual notice of their deficient policies and procedures and that Defendants were deliberately indifferent by failing to remediate such policies.  See *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (holding that in cases involving failure to prevent harm, Eighth Amendment is violated only when inmate shows he is incarcerated under conditions posing substantial risk of serious harm, and that officials displayed "deliberate indifference" to inmate health and safety); *Castro v. Cnty. of L.A.*, 833 F.3d 1060, 1076 (9th Cir. 2016) ("It is not sufficient for a plaintiff to identify a custom or policy, attributable to the municipality, that caused his injury.  A plaintiff must also demonstrate that the custom or policy was adhered to with 'deliberate indifference to the constitutional rights of [the jail's] inhabitants.'" (citing *City of Canton v. Harris*, 489 U.S. 378, 392 (1989))).

As to whether the references to the Consent Decree are overly prejudicial, the Court finds that the references do not require County Defendants to relitigate what was resolved by the Consent

---

[4] In their objections, County Defendants argue that new healthcare providers would not have notice of the deficient policies, practices, or customs at issue in the *Hall* case.  (ECF No. 80 at 5.)  From the perspective of County Defendants, this implies that new healthcare providers, including Defendant CFMG, would not have notice of the deficient policies, practices, or customs targeted by the Consent Decree.  (*Id.*)  Plaintiffs allege that Defendant CFMG contracts with Defendant County of Fresno to provide medical, mental health, and dental services for the Fresno County Jail.  (ECF No. 20 at ¶ 13.)

Decree.  (*See* ECF No. 80 at 5.)  The Court construes County Defendants' prejudice argument as an affirmative defense of res judicata or claim preclusion.  *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) ("'Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action.'"  (citations omitted)).  The party seeking to apply claim preclusion bears the burden of establishing the following: (1) an identity of claims; (2) the existence of a final judgment on the merits; and (3) identity or privity of the parties.  *See Cell Therapeutics, Inc. v. Lash Grp., Inc.*, 586 F.3d 1204, 1212 (9th Cir. 2009); *see also Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1052 (9th Cir. 2005).  Here, County Defendants address none of the factors of claim preclusion, failing to meet its burden to support their claim for res judicata and motion to strike.

Overall, County Defendants fail to cite to any legal authority that supports their contention that references to the Consent Decree are immaterial, impertinent, or prejudicial.  Therefore, the Court finds County Defendants' objections unpersuasive and adopts the Magistrate Judge's finding and recommendation to deny County Defendants' motion to strike.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, including the filed objections, the Court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly,

1. The findings and recommendations issued on February 9, 2023, (ECF No. 37), are ADOPTED IN FULL;

2. The County Defendants' motion to strike references to the Consent Decree (ECF No. 25), is DENIED;

3. The Officer Defendants' motion to dismiss (ECF No. 56), is GRANTED in part and DENIED in part as follows:

   a. The Officer Defendants' motion to dismiss the first, second, third, fourth, eighth, ninth, tenth, eleventh, and twelfth causes of action for shotgun pleading is DENIED;

b.  The Officer Defendants' motion to dismiss the first and third causes of action for improperly pleading both Eighth and Fourteenth Amendment violations is GRANTED to the extent the claims should be dismissed as brought under the Eighth Amendment, without leave to amend;

c.  The Officer Defendants' motion to dismiss the fourth cause of action is DENIED as to Defendants Ventura and Owens, and GRANTED as to Defendants Franco, Ponce, Thao, Cha, Her, C. Garcia, Carter, LeBeouf, Alanis, A. Sanchez, and J. Sanchez with leave to amend;

d.  The Officer Defendants' motion to dismiss the eighth cause of action for wrongful death is DENIED;

e.  The Officer Defendants' motion to dismiss the Bane Act claim is GRANTED in part and DENIED in part, in that Plaintiff Doris Anderson's Bane Act claim brought as the successor in interest to the Decedent Mr. Anderson is not dismissed, but Plaintiff Doris Anderson's and Plaintiff James Jenkins' Bane Act claims, to the extent they are brought as individual claims on their own behalf for their own injuries, are dismissed without leave to amend;

4.  The CFMG Defendants' motion to dismiss (ECF No. 49), is GRANTED in part and DENIED in part as follows:

a.  CFMG Defendants' motion to dismiss the first through fifth causes of action for shotgun pleading is DENIED;

b.  CFMG Defendants' motion to dismiss the first cause of action against G. Garcia and Guerrero is GRANTED with leave to amend;

c.  CFMG Defendants' motion to dismiss the *Monell* claim against CFMG is granted with leave to amend;

d.  CFMG Defendants' motion to dismiss the third cause of action for excessive force against G. Garcia and Guerrero on the basis of qualified immunity is GRANTED with leave to amend;

e.  CFMG Defendants' motion to dismiss the sixth cause of action is withdrawn as

7

1    moot in light of the stipulation of the parties;

2    5.    Defendant HIG's motion to dismiss (ECF No. 48), is GRANTED with leave to

3    amend;

4    6.    Defendant HIG's motion to strike punitive damages (ECF No. 48), is DENIED;

5    7.    Plaintiffs are GRANTED leave to file a second amended complaint under the

6    parameters outlined in the findings and recommendations; and

7    8.    Plaintiffs shall file any second amended complaint within twenty-one (21) days of

8    entry of this order, to the extent Plaintiffs believe in good faith they can do so within

9    the collective parameters and the legal standards adopted and as contained within

10   the findings and recommendations.[5]

11

12

13   IT IS SO ORDERED.

14   Dated:   July 20, 2023

15   UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

---

24   [5] The Magistrate Judge recommended denying the Officer Defendants' motion to dismiss the first, second, third, fourth, eighth, ninth, tenth, eleventh, and twelfth causes of action for shotgun pleading; recommended denying the Officer
25   Defendants' separate motion to dismiss the eighth cause of action; and recommended denying the CFMG Defendants motion to dismiss the first through fifth causes of action for shotgun pleading.  As noted therein, the recommendation
26   is based on a finding that the movants did not meet their burden as movants to connect the elements of the causes of action to the proffered deficiencies as to Defendants.  Recognizing the motions were based on the first amended complaint that was later clarified through a stipulation filed after the motions to dismiss were filed, (ECF No. 73), the
27   Magistrate Judge further recommended that if Plaintiff elects not to file an amended complaint following adoption of the recommendations, the Officer Defendants and CFMG Defendants should be afforded the opportunity to file
28   renewed motions to dismiss as to these causes of action.  The Court also adopts this recommendation.