# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIS ANDERSON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF FRESNO, et al.,<br><br>Defendants. | Case No. 1:21-cv-01134-ADA-SAB<br><br>ORDER RE STIPULATION TO DISMISS PLAINTIFF'S SECOND CAUSE OF ACTION AGAINST DEFENDANTS, GENEVIEVE GARCIA, R.N. AND MARIA GUERRERO, R.N.<br><br>(ECF No. 88)<br><br>SEVEN DAY DEADLINE |

On October 4, 2023, Plaintiffs and Defendants California Forensic Medical Group, Inc. ("CFMG"), Genevieve Garcia, R.N., and Maria Guerrero, R.N. filed what was titled a joint stipulation to dismiss Plaintiffs' second cause of action against Defendants Genevieve Garcia, R.N., and Maria Guerrero, R.N.  (ECF No. 88.)  However, the body of the filed document is in the form of a stipulation of dismissal under Federal Rule of Civil Procedure 41(a), signed by only Plaintiffs and Defendants California Forensic Medical Group, Inc. ("CFMG"), Genevieve Garcia, R.N., and Maria Guerrero, R.N.

The Ninth Circuit has held that Federal Rule of Civil Procedure 41(a)(1) cannot be used to dismiss individual claims against defendants, and that Rule 15 is the proper mechanism to do so.  See Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 687 (9th Cir. 2005) ("In the specific context of Rule 41(a)(1), we have held that the Rule does not allow for piecemeal

1

1 dismissals. Instead, withdrawals of individual claims against a given defendant are governed by
2 [Rule 15]."); Ethridge v. Harbor House Rest., 861 F.2d 1389, 1392 (9th Cir. 1988) (holding a
3 plaintiff cannot use Rule 41 "to dismiss, unilaterally, a single claim from a multi-claim
4 complaint."); but see Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997) ("The
5 Plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule
6 41(a)(1) notice."). Accordingly, Rule 41(a) may not be employed to dismiss fewer than all the
7 claims against a particular defendant. See Ethridge, 861 F.2d at 1392.

8       The stipulating parties in the instant motion are requesting that the Court eliminate only
9 the second cause of action against Defendants Genevieve Garcia, R.N. and Maria Guerrero, R.N.
10 (See ECF 88.) However, both Defendants remain named defendants in other causes of action in
11 the second amended complaint. (See ECF 85.) Because the instant motion requests dismissal of
12 fewer than all claims asserted against Defendants Genevieve Garcia, R.N. and Maria Guerrero,
13 R.N., Rule 15, not Rule 41, is the proper vehicle to accomplish the partial dismissal.

14       The Court finds it proper to construe the parties' instant stipulation to dismiss the second
15 cause of action against Genevieve Garcia, R.N., and Maria Guerrero, R.N. as consent to amend
16 the complaint under Rule 15 of the Federal Rules of Civil Procedure. See Hells Canyon Pres.
17 Council, 403 F.3d at 689 ("The fact that a voluntary dismissal of a claim under Rule 41(a) is
18 properly labeled an amendment under Rule 15 is a technical, not a substantive distinction.")
19 (quoting Nilssen v. Motorola, Inc., 203 F.3d 782, 784 (Fed. Cir. 2000)). However, Federal Rule
20 of Civil Procedure 15(a)(2), states "a party may amend its pleading only with the opposing
21 party's written consent or the court's leave." Here, Defendants County of Fresno, Fresno County
22 Sheriff-Coroner Margaret Mims, Correctional Lieutenant Jami Carter, Sergeant Chris Garcia,
23 and Officers Frank Ponce, Moises Franco, Meng Cha, Linda Thao, Ka Her, Jose Alanis, Anthony
24 Sanchez, Rachel LeBoeuf, David Ventura, Dillon Owens, and Jonathan Sanchez have not agreed
25 to the instant motion. If these Defendants consent or otherwise file a non-opposition to the
26 instant stipulation (ECF No. 88), the Court will grant Plaintiffs leave to file an amended
27 complaint pursuant to Rule 15. The Court will otherwise take any opposition by these
28 Defendants under consideration in determining whether to grant leave to amend.

Accordingly, IT IS HEREBY ORDERED that within seven (7) days of entry of this order, Defendants County of Fresno, Fresno County Sheriff-Coroner Margaret Mims, Correctional Lieutenant Jami Carter, Sergeant Chris Garcia, and Officers Frank Ponce, Moises Franco, Meng Cha, Linda Thao, Ka Her, Jose Alanis, Anthony Sanchez, Rachel LeBoeuf, David Ventura, Dillon Owens, and Jonathan Sanchez shall file a statement signifying whether they approve or disapprove of the terms of the stipulation filed on October 4, 2023 (ECF No. 88), and consent to allowing for Plaintiffs' second cause of action against Defendants Genevieve Garcia, R.N., and Maria Guerrero, R.N. be dismissed with prejudice.

IT IS SO ORDERED.

Dated: **October 5, 2023**

UNITED STATES MAGISTRATE JUDGE

3