# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIS ANDERSON, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>COUNTY OF FRESNO, et al.,<br><br>　　　　Defendants. | Case No. 1:21-cv-01134-ADA-SAB<br><br>ORDER DENYING RULE 41 STIPULATION AS PROCEDURALLY IMPROPER, REQUIRING PLAINTIFFS AND ANY JOINING PARTIES TO FILE MOTION FOR LEAVE TO AMEND IN LIGHT OF OPPOSITION, AND REQUIRING PARTIES TO ADDRESS PREVIOUSLY ENTERED STIPULATION OF CLARIFICATION<br><br>(ECF Nos. 85, 86, 87, 88, 90, 92)<br><br>**FOURTEEN DAY DEADLINE** |

Following the adoption of findings and recommendations on Defendants' motion to dismiss, Plaintiff filed a second amended complaint on September 7, 2023. (ECF No. 85.) On October 4, 2023, a stipulation to dismiss Plaintiffs' second cause of action against Defendants Genevieve Garcia, R.N., and Maria Guerrero, R.N, was filed pursuant to Federal Rule of Civil Procedure 41(a), signed by only Plaintiffs and Defendants California Forensic Medical Group, Inc. ("CFMG"), Genevieve Garcia, R.N., and Maria Guerrero, R.N. (ECF No. 88.)

The Ninth Circuit has held that Federal Rule of Civil Procedure 41(a)(1) cannot be used to dismiss individual claims against defendants, and that Rule 15 is the proper mechanism to do so. See Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 687 (9th Cir. 2005) ("In the specific context of Rule 41(a)(1), we have held that the Rule does not allow for piecemeal

1

1  dismissals. Instead, withdrawals of individual claims against a given defendant are governed by
2  [Rule 15]."); Ethridge v. Harbor House Rest., 861 F.2d 1389, 1392 (9th Cir. 1988) (holding a
3  plaintiff cannot use Rule 41 "to dismiss, unilaterally, a single claim from a multi-claim
4  complaint."); but see Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997) ("The
5  Plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule
6  41(a)(1) notice."). Accordingly, Rule 41(a) may not be employed to dismiss fewer than all the
7  claims against a particular defendant. See Ethridge, 861 F.2d at 1392.

8  Therefore, because the stipulation requests dismissal of fewer than all claims asserted
9  against Defendants Genevieve Garcia, R.N. and Maria Guerrero, R.N., the Court found Rule 15,
10 not Rule 41, is the proper vehicle to accomplish the partial dismissal (ECF No. 90). See Hells
11 Canyon Pres. Council, 403 F.3d at 689 ("The fact that a voluntary dismissal of a claim under
12 Rule 41(a) is properly labeled an amendment under Rule 15 is a technical, not a substantive
13 distinction.") (quoting Nilssen v. Motorola, Inc., 203 F.3d 782, 784 (Fed. Cir. 2000)). Federal
14 Rule of Civil Procedure Rule 15 provides that "a party may amend its pleading only with the
15 opposing party's written consent or the court's leave." Therefore, on October 5, 2023, the Court
16 ordered Defendants County of Fresno, Fresno County Sheriff-Coroner Margaret Mims,
17 Correctional Lieutenant Jami Carter, Sergeant Chris Garcia, and Officers Frank Ponce, Moises
18 Franco, Meng Cha, Linda Thao, Ka Her, Jose Alanis, Anthony Sanchez, Rachel LeBoeuf, David
19 Ventura, Dillon Owens, and Jonathan Sanchez (the "County Defendants"), to file a statement
20 signifying whether they approve or disapprove of the terms of the stipulation filed on October 4,
21 2023, and consent to allowing for Plaintiffs' second cause of action against Defendants
22 Genevieve Garcia, R.N., and Maria Guerrero, R.N. be dismissed with prejudice. (ECF No. 90.)

23 On October 12, 2023, the County Defendants filed a statement indicating that Defendants
24 Genevieve Garcia, R.N., and Maria Guerrero, R.N., should not be dismissed from the second
25 claim for relief for excessive force. (ECF No. 92.) Therefore, there is not consent from all
26 parties to amendment or dismissal. In light of the opposition, the Court is unable to construe the
27 Rule 41 dismissal as a stipulation for leave to amend under Rule 15, and instead, if Plaintiffs and
28 the stipulating parties wish to amend the complaint, Plaintiffs shall file a motion for leave to

amend with any joining parties.

The Court turns to a related issue.  On September 26, 2023, the parties filed a stipulated request to clarify the second amended complaint.  (ECF No. 86.)[1]  On September 26, 2023, the Court entered the stipulation of clarification, and issued an order deeming Plaintiffs' complaint amended to reflect the correct "Sanchez" is referred to in particular points of the complaint, and to reflect that Plaintiffs do not seek punitive or treble damages from Defendant County of Fresno.  (ECF No. 87.)[2]  However, upon review of clarification stipulation, it was not signed by all Defendants but rather only counsel for the County Defendants.  (ECF No. 86.)  In light of the more recent stipulation and now opposition by the County Defendants thereto, and to ensure uniform and equal application of the rules and law, the Court shall additionally require the parties notify the Court if any parties oppose the Court's previous entering of that stipulation.

In that regard, the parties shall meet and confer regarding whether there is agreement to grant leave to file an amended complaint as to the content of both stipulations, and if not, Plaintiff and any parties joining in a motion for leave to amend (or one individual component of leave to amend), shall file such motion for leave to amend.  If the parties do not agree to the previous amendment, and the parties do not file a motion for leave, or if the Court denies leave to amend, it will strike the September 26, 2023, order entering the stipulation of clarification.

///
///
///
///

---

[1] First, two Defendants have the last name "Sanchez."  In paragraphs 31, 33, 40, and 42 of the second amended complaint, Plaintiffs refer to "Sanchez" or "Officer Sanchez" without specifying the first name of the referenced person.  The Parties stipulated that: (a) in paragraphs 31 and 33, "Sanchez" and "Officer Sanchez" refer to Officer Jonathan Sanchez; and (b) in paragraphs 40 and 42, "Sanchez" and "Officer Sanchez" refer to Officer Anthony Sanchez.  (ECF No. 86.)  Second, the parties stipulated that Plaintiffs do not seek punitive or treble damages from Defendant County of Fresno.  (Id.)

[2] While clarifying the names "Sanchez" is really a minor clarification, the removal of punitive damages is more substantive.  However, the Court notes a claim for punitive damages is likely not considered an independent cause of action.  See Turner v. Modesto Police Dep't, No. 123CV00210ADASAB, 2023 WL 4424588, at *16 (E.D. Cal. July 10, 2023) ("A request for punitive damages is not a standalone cause of action, it is merely a type of remedy that is dependent upon a viable cause of action." (citing, e.g., Marroquin v. Pfizer, Inc., 367 F. Supp. 3d 1152, 1168 (E.D. Cal. 2019))).

Accordingly, IT IS HEREBY ORDERED that, within fourteen (14) days of entry of this order:

1. The stipulated Rule 41 dismissal filed October 4, 2023, (ECF No. 88), as opposed (ECF No. 92), is DENIED as procedurally improper;

2. If there is agreement of the parties, the parties shall file a stipulation for leave to amend specifically relating to either of the above described requests previously filed by the parties (ECF Nos. 86, 88);

3. If there is not a stipulation from all parties as to any component of leave, Plaintiff, and any joining parties, may file a motion for leave to amend the complaint requesting leave to amend as to any above described component; and

4. If no motion or stipulation is filed, the Court will strike the previous order entering and approving the stipulation of clarification (ECF Nos. 86, 87).

IT IS SO ORDERED.

Dated:  **October 13, 2023**

UNITED STATES MAGISTRATE JUDGE