## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIS ANDERSON, et al., | Case No. 1:21-cv-01134-KES-SAB |
| Plaintiffs, | ORDER STAYING PROCEEDINGS IN THIS MATTER AGAINST DEFENDANT CALIFORNIA FORENSIC MEDICAL GROUP AKA WELLPATH, LLC PURSUANT TO 11 U.S.C. § 362 |
| v. | |
| COUNTY OF FRESNO, et al., | |
| Defendants. | ORDER REQUIRING PLAINTIFFS TO FILE STATUS REPORT |
| | (ECF No. 111) |
| | **FIFTEEN DAY DEADLINE** |

Plaintiffs filed this action on July 23, 2021. (ECF No. 1) The operative third amended complaint asserts claims against Defendants: (1) County of Fresno; (2) Margaret Mims; (3) California Forensic Medical Group, also known as Wellpath, LLC ("Wellpath"); (4) Jami Carter; (5) Chris Garcia; (6) Frank Ponce; (7) Moises Franco; (8) Meng Cha; (9) Linda Thao; (10) Ka Her; (11) Jose Alanis; (12) Anthony Sanchez; (13) Rachel LeBoeuf; (14) David Ventura; (15) Dillon Owens; (16) Jonathan Sanchez; (17) Genevieve Garcia; and (18) Maria Guerrero. (ECF No. 97.) A scheduling conference was held on December 11, 2023. (ECF No. 104.) Neither the pretrial conference nor trial have been set in this matter.

On November 15, 2024, Defendant Wellpath filed a suggestion of bankruptcy and notice of stay indicating that on November 11, 2024, Wellpath filed for bankruptcy in the United States

1 Bankruptcy Court for the Southern District of Texas (Houston Division) for relief under chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code"). (ECF No. 46.) The bankruptcy case is pending under case number 24-90563-(ARP).

Pursuant to Section 362 of the Bankruptcy Code, all actions against a defendant who has filed a bankruptcy petition are automatically stayed once the petition is filed. 11 U.S.C. § 362(a) (staying "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title."); see also Sternberg v. Johnston, 595 F.3d 937, 943 (9th Cir. 2010). Accordingly, all proceedings in this matter against Defendant Wellpath shall be stayed pursuant to Section 362(a) of Title 11, United States Code.

As noted above, no pretrial conference or trial has been set in this action. The Court tentatively orders a stay of this action against Wellpath only and that the action proceed against the other seventeen defendants. The Court shall order the parties not subject to the automatic stay to file a status report within fifteen (15) days indicating whether this action should proceed in some manner against any of the named Defendants or if this matter should be stayed in its entirety. See Parker v. Bain, 68 F.3d 1131, 1137 (9th Cir. 1995) ("All proceedings in a single case are not lumped together for purposes of automatic stay analysis. Even if the first claim filed in a case was originally brought against the debtor, section 362 does not necessarily stay all other claims in the case. Within a single case, some actions may be stayed, others not. Multiple claim and multiple party litigation must be disaggregated so that particular claims, counterclaims, cross claims and third-party claims are treated independently when determining which of their respective proceedings are subject to the bankruptcy stay." (quoting Maritime Elec. Co. v. United Jersey Bank, 959 F.2d 1194, 1204–06 (3d Cir. 1992))). Alternatively, the Court is available to conduct a status conference with the parties not subject to the automatic stay.

Accordingly, IT IS HEREBY ORDERED that:

1. All proceedings in this matter against Defendant California Forensic Medical

Group, also known as Wellpath, LLC are STAYED pursuant to Section 362(a) of Title 11, United States Code;

2. Plaintiffs shall provide notice to the Court within **thirty (30) days** of the conclusion of the bankruptcy action; and

3. Within **fifteen (15) days** of service of this order, the parties shall request a status conference or file a status report indicating whether this matter should be stayed in its entirety and all matters vacated or whether a settlement conference should be set.

IT IS SO ORDERED.

Dated: **November 18, 2024**

STANLEY A. BOONE
United States Magistrate Judge

3