IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIS ANDERSON, individually and as the Successor in Interest for Jah-Quavious Anderson, Deceased, et al., <br><br>Plaintiffs, <br><br>v. <br><br>COUNTY OF FRESNO, et al., <br><br>Defendants. | No. 1:21-CV-1134-KES-SAB <br><br><br>ORDER |

Plaintiffs, who are proceeding with retained counsel, bring this civil action. Pending before the Court is Plaintiffs' motion for sanctions. See ECF No. 128. The County Defendants have filed a joinder. See ECF No. 129. Also filed in connection with the sanctions motion and joinder are the declarations of Peter Bertling, see ECF No. 134, John Burton, see ECF No. 135, and James Weakley, see ECF No. 136. The parties appeared for a hearing before the undersigned and, after considering arguments from counsel, the Court ruled from the bench and granted the motion/joinder. This order formally confirms the Court's ruling.

/ / /

/ / /

/ / /

/ / /

1

## I. RELEVANT PROCEDURAL HISTORY

The parties requested an in-person settlement conference, which was ordered to occur on July 1, 2025, in Sacramento with all parties – including Defendant California Forensic Medical Group (CFMG) – directed to attend. See ECF No. 123. On July 1, 2025, all parties appeared – except Defendant California Forensic Medical Group, who is represented by Peter Bertling, Esq. See ECF No. 124 (minutes). On July 2, 2025, the Court issued an order directing Mr. Bertling and CFMG to show cause why appropriate sanctions should not be imposed for failure to appear at the July 1, 2025, settlement conference as directed. See ECF No. 126. An order to show cause hearing was set for July 14, 2025, with Mr. Berling ordered to appear in person in Redding. See id.

On July 10, 2025, Plaintiffs filed the pending motion for sanctions against Defendant CFMG based on expenses incurred to attend the in-person settlement conference on July 1, 2025, which could not take place due to Mr. Bertling's failure to attend. See ECF No. 128. The County Defendants have filed a joinder in Plaintiffs' motion for sanctions. See ECF Nos. 129 and 136.

Mr. Bertling appeared in person in Redding on July 14, 2025. After hearing from counsel, the Court determined that sanctions were appropriate in an amount to be determined following briefing and hearing on the pending motion for sanctions. See ECF No. 132 (minutes). At the July 14, 2025, hearing, a settlement conference was set for August 28, 2025, in Sacramento, with all counsel again ordered to appear in person. See id. On July 15, 2025, the Court continued the hearing on Plaintiffs' motion for sanctions to September 10, 2025, via Zoom. See ECF No. 133 (minute order).

The parties appeared for the settlement conference on August 28, 2025, at which time the case was resolved, and the terms of the settlement were placed on the record. See ECF o. 137 (minutes). The hearing on Plaintiffs' motion for sanctions was confirmed for September 10, 2025. See id.

///

///

## II.  DISCUSSION

Plaintiffs and joining County Defendants argue: (1) CFMG's failure to appear demonstrated bad faith and cannot be justified by Mr. Bertling's negligence in failing to properly calendar the matter; (2) CFMG's failure to appear significantly hindered resolution of the case. See ECF No. 128, pgs. 8-10.  Plaintiffs' motion is supported by the declarations of Kate McFarlane, Esq., and John Burton, Esq., with attached exhibits.  See ECF Nos. 128-1 and 128-2. The County Defendants' joinder is supported by the declaration of James Weakley, Esq., with attached exhibits.  See ECF No. 129-1.

Ms. McFarlane's declaration and exhibits document travel-related expenses in the total amount of $706.92.  See ECF No. 128-1, pg. 4.  Ms. McFarlane also states that she lost 17 billable hours to attend the conference on July 1, 2025, and that she spent an additional 12.2 hours preparing the settlement conference statement (5.2 hours) and the pending motion for sanctions (7 hours).  See id. at 3.  Ms. McFarlane states that she was admitted to the California bar in 2021 and currently bills at a rate of $600.00 per hour.  See id. at 3-4.  Ms. McFarlane states that the total value of her lost time is $17,520.00.  See id. at 4.

Mr. Burton's declaration and exhibits document travel-related expenses in the total amount of $881.71.  See ECF No. 128-2, pg. 4.  Mr. Burton also states that he lost 12 billable hours making the trip to Sacramento on July 1, 2025, and that he spent an additional two hours preparing his declaration and exhibits in support of the pending motion for sanctions.  See ECF No. 128-2, pg. 3.  Mr. Burton states that he was admitted to the bar in 1979 and currently bills at a rate of $1,000.00 per hour.  See id.  Mr. Burton states that the total value of his lost time is $14,000.00.  See id.

Mr. Weakley's declaration and exhibits document travel-related expenses for himself and co-counsel Brande Gustafson, Esq., in the total amount of $1,138.27.  See ECF No. 129-1, pg. 2.  Mr. Weakley also states that he and Ms. Gustafson each spent 6.8 hours for travel, 2 hours to prepare for the July 1, 2025, settlement conference, and 1.5 hours to attend the July 1, 2025, settlement conference.  See id.  Mr. Weakley further states that he incurred 3.5 hours reviewing Plaintiff's motion for sanctions and preparing the County Defendants' joinder, and that

3

1    Ms. Gustafson expended an addition 1 hour on these tasks.  See id.  Mr. Weakley also states that
2    he anticipates another 0.5 hours to attend the order to show cause hearing, which occurred on July
3    14, 2025, following submission of his declaration.  See id.  Mr. Weakley states that the total value
4    of his lost time is $3,646.50 at $255.00 per hour, and that the total value of Ms. Gustafson's lost
5    time is $2,655.50 at $235.00 per hour.  See id.

6    The amounts sought in sanctions by Plaintiffs and joining defendants are
7    summarized below:

|              | **OUT-OF-POCKET** | **ATTORNEY TIME** |
|---|---|---|
| Mr. Burton   | $881.71    | $14,000.00 |
| Ms. McFarlane | $706.92   | $17,520.00 |
| Mr. Weakley  | $1,138.27  | $3,646.50  |
| Ms. Gustafson |           | $2,655.50  |
| **TOTALS**   | $2,726.90  | $37,822.00 |

15    Plaintiffs also seek imposition of a further punitive $3,000.00 sanction against
16    CFMG and a further punitive $3,000.00 sanction against Mr. Bertling.  Plaintiffs offer no
17    explanation for this additional request.

18    The parties agree that sanctions are allowable under Federal Rule of Civil
19    Procedure 16(f)(1) for failure to appear at the settlement conference.  Rule 16(f)(2) requires the
20    Court to award fees and costs incurred as a result of failure to attend the settlement conference
21    "unless the noncompliance was substantially justified, or other circumstances make an award of
22    expenses unjust."  (emphasis added).  In this case, Mr. Bertling represented to the Court at the
23    order to show cause hearing that his failure to attend the July 1, 2025, settlement conference was
24    the result of excusable neglect.  Specifically, counsel stated that, as a result of the bankruptcy of
25    Wellpath – his only client – his practice essentially collapsed, and he was forced to terminate
26    most of his staff.  As a result, Mr. Bertling stated that the settlement conference was inadvertently
27    not placed on his calendar.  This circumstance would make imposition of tens of thousands of
28    dollars in expenses unjust.  Additionally, notwithstanding Mr. Bertling's failure to appear on July

1, 2025, the case was rescheduled and settled just a short time later.  Thus, there was minimal prejudice to any other party as a result of Mr. Bertling's failure to appear.

Nonetheless, the Court finds that an award of sanctions in an amount less than requested is appropriate given Mr. Bertling's non-compliance with the Court's order.  The Court will award attorney's fees and costs in the following amounts:

|  | **OUT-OF-POCKET** | **ATTORNEY TIME** |
|---|---:|---:|
| Mr. Burton | $881.71 | $2,000.00 |
| Ms. McFarlane | $706.92 | $2,400.00 |
| Mr. Weakley | $1,138.27 | $1,127.50 |
| Ms. Gustafson |  |  |
| **TOTALS** | $2,726.90 | $5,527.50 |

The grand total of out-of-pocket expenses and attorney time awarded is $8,254.40.

### III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiffs' motion for sanctions, ECF No. 128, is GRANTED in part.

2. Attorney's fees and out-of-pocket expenses totaling $8,254.40 are awarded to Plaintiffs and the County Defendants in the specific amounts shown directly above.

3. If these amounts have not already been paid, the Court extends the deadline for Mr. Bertling to pay to January 5, 2026.

Dated:  December 19, 2025

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

5